WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Hastings, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>Bank of America NA; ReconTrust Company NA; et al.,<br><br>               Defendants. | No. CV-13-00834-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is Defendants Bank of America and ReconTrust Co.'s Motion to Dismiss. (Doc. 15.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

      In 2006, Plaintiff and Brent Anderson sought a loan from Countrywide Home Loans to purchase the residence in which they live as tenants in common in Peoria, Arizona ("Property"). (Doc. 14 ¶¶ 11–12.) Plaintiff alleges that Mr. Anderson was to be the primary borrower on the loan so that Plaintiff could receive a favorable interest rate, begin to establish an improved credit rating, and establish a line of credit against the Property. (*Id.* ¶ 13, 17.) Plaintiff thus intended that her name, as well as Anderson's, be on the deed of trust securing the loan ("Deed") and on the loan itself ("Note"). (*Id.* ¶¶ 11, 15.)  On October 23, 2006, Plaintiff claims that she was assured that both she and Anderson would be named as borrowers on the Note. (*Id.* ¶ 16.) On October 27, 2006, at the closing of the loan, Plaintiff alleges that she received two copies of the loan packet

that listed both Plaintiff and Anderson as borrowers throughout the packet, with the exception of the last page, which listed only Anderson. (*Id.* ¶ 15.) She alleges that she was told to sign the page anyway and that the omission of her name was a typographical error. (*Id.*) Plaintiff believed that her name would ultimately be on both the Note and Deed. On October 30, 2006, however, she attempted to register the account online and discovered that she was not a party to the Note. Plaintiff then informed the broker that her name was only on the Deed, but not the Note. On this date, as is evidenced by an e-mail attached to the First Amended Verified Complaint, the accuracy of which is not contested, the bank's account executive told Plaintiff:

> Unfortunately, you are right, my mistake. We are not able to put you on the loan now. In the future though, as your credit improves, you can refinance into your own name or take out a second when your credit reaches the 500 figure. That was my mistake. I should have made it clear that you would be on the title, not the loan. That was a mistake with the previous e-mail. The best news though is you do own the home.

And in fact, as Plaintiff alleges and the attachments to it appear to verify, Plaintiff is listed as a tenant in common on the deed, and named as a trustor on the deed of trust that secured the Note and was recorded on October 30, 2006. Plaintiff alleges that she made two payments on the Note in November and December of 2006. She asserts that Countrywide applied these payments to the principal, and then rejected her third payment in late December 2006, claiming she had never made any payments. (*Id.* ¶ 20.) On January 2, 2007, Plaintiff alleges that she received her first notice of default for the alleged failure to make the December 1 payment, which she did pay, but that Countrywide erroneously applied to the principal. (*Id.* ¶ 21.) Shortly after, she alleges she received a notice of trustee's sale of the Property, scheduled for April 7, 2007. (*Id.*)

Plaintiff and Anderson were able to have the sale date postponed to August 2007, but Plaintiff alleges that Countrywide continued to refuse to communicate with her because her name was not on the Note, despite Anderson's attempts to give Countrywide

permission to work with Plaintiff on all matters pertaining to the Note. (*Id.* ¶ 23.) Plaintiff alleges that Countrywide offered a workout modification on the Note, but then rejected the funds that Plaintiff and Anderson submitted to pay down the alleged arrearage. (*Id.* ¶ 25.) Eventually, Countrywide rejected the modification and sent a notice of a new trustee's sale, to be conducted in October 2007. (*Id.* ¶ 26.) In approximately August 2010, Bank of America acquired Countrywide. (*Id.* ¶ 28.) Plaintiff alleges that the trustee's sale of the Property has been postponed since May 2012, first every three months and now every 30 days. (*Id.* ¶ 29.)

Plaintiff filed the present suit in Maricopa County Superior Court on April 16, 2013, alleging breach of contract, violation of the Arizona statute requiring that transfers of real estate be recorded with the county recorder, breach of the implied covenant of good faith and fair dealing, and fraud. (*Id.* ¶¶ 31–53.) Plaintiff seeks declaratory relief, injunctive relief, and quiet title. (*Id.* ¶¶ 54–68.) Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332. Defendants now move to dismiss Plaintiff's claims on the grounds they are barred by the statute of limitations and that Plaintiff fails to plead facts that establish any of her claims.

## DISCUSSION

### I. Legal Standard

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.     Breach of Contract

Plaintiff first alleges that Defendants breached either an actual contract or contract implied in fact. (Doc. 14 ¶¶ 33, 36.) She asserts that she was clear about her intentions in seeking the loan and that she completed all of the requirements to close the loan, but that Defendants failed to allow Plaintiff to be on the Note or conduct business regarding the Note. (*Id.* ¶¶ 37–38.) "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

In Arizona, the statute of limitations for Plaintiff's contract claims is six years. Ariz. Rev. Stat. § 12-548. As Plaintiff filed the present suit on April 16, 2013, the statute of limitations bars any such claims that arose before April 16, 2007. Here, Plaintiff admits that the loan closed in October 2006 and that she learned she was not on the loan on October 30, 2006. As such, her claim that Defendants breached a contract by failing to include her on the loan is time-barred.

Plaintiff also appears to allege that Defendants have breached a contract by "attempting to sell the home away from the Plaintiff." (Doc. 14 ¶ 38.) While Plaintiff is not listed on the Note, she is listed as a tenant in common and trustor on the Deed that secured the Note. As a trustor it would appear that she has at least a plausible claim against ReconTrust and as a trustor and property owner, she may have status as a third-party beneficiary to the contract between the Bank and Anderson.  At any rate she has an ownership interest in the Property and it is not clear to the Court, at least at this stage, that she has no claim for breach against the Bank to the extent she alleges that she "has attempted to make timely and correct payments amount in conformity with the loan, only to be thwarted by [D]efendants." (*Id.* ¶ 35.) She alleges that she has tried to make both loan payments and restitution payments that Defendants refused to accept. (*Id.* ¶¶ 20, 25.) Further, she alleges that Anderson has repeatedly attempted to give Defendants permission to let Plaintiff handle all matters pertaining to the loan, and that Anderson also attempted to give Plaintiff power of attorney over all matters relating to the Property in both October 2007 and June 2008. (*Id.* ¶ 23.) Despite these efforts, she claims that Defendants have refused to work with Plaintiff or accept her payments, and instead have continued to pursue a trustee's sale of the Property.

While Plaintiff's contract claim arising at the time the loan closed in October 2006 is time-barred, her contract claim that appears to arise from these later events is not so clearly outside of the statute of limitations that the Court can dismiss the claims on a motion to dismiss.  The Court thus declines to dismiss this breach of contract claim as Plaintiff has pleaded sufficient facts at a motion to dismiss stage to establish a timely claim.

**III.   Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiff next alleges that Defendants violated the implied covenant of good faith and fair dealing arising from the Note and Deed by not accepting the payments from Plaintiff and otherwise failing to honor their agreement. (Doc. 14 ¶ 47.) A breach of the duty of good faith can occur only if Defendant did something "to prevent [Plaintiff] from

receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Fund*, 201 Ariz. 474, 490, 38 P.3d 12, 28 (2002). Here, Plaintiff alleges that she had at least some contractual relationship with the Bank and ReconTrust, that she has attempted to make payments in conformity with the loan, but that Defendants refused to accept these payments. As such, she has pleaded sufficient facts to establish a claim for breach of the covenant of good faith.

### IV. Violation of Ariz. Rev. Stat. §§ 33-422.01

Plaintiff next alleges that Defendants violated the Arizona statutory requirement that a document evidencing the sale or other transfer of real estate be recorded with the county recorder. However, Plaintiff alleges no facts that substantiate or relate to such a claim. It is, therefore, dismissed.

### V. Fraud

Plaintiff further alleges that Defendants committed fraud by wrongly informing Plaintiff that she was on the Note and would be able to eventually refinance the Property. As pleaded, this claim arises from the events that occurred prior to and shortly after the closing of the loan in October 2006. Fraud actions in Arizona have a three-year statute of limitations. Ariz. Rev. Stat. § 12-543(3). Plaintiff's fraud claim solely involves events that occurred prior to April 16, 2010, and thus is time barred.

### VI. Quiet Title

Plaintiff next seeks quiet title in the Property. Under Arizona law, title cannot be quieted unless Plaintiff pays off the full amount of the mortgage. *Bean v. BAC Home Loans Servicing, L.P.*, 11–CV–553–PHX–GMS, 2012 WL 10349, at *5 (D. Ariz. Jan.3, 2012) (citing *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien.")); *Eason v. Indymac Bank*, 2010 WL 1962309, at *2 (D. Ariz. May 14,

- 6 -

2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered.").

Plaintiff does not allege that she has tendered the full amount of the mortgage nor that she is "ready, willing and able" to do so. *Eason*, 2010 WL 1962309, at *2. As such, she cannot bring an action for quiet title.

## VII.  Declaratory Judgment and Injunctive Relief

Finally, Plaintiff requests both declaratory relief and injunctive relief, enjoining Defendants from proceeding with the trustee's sale of the Property. Plaintiff asserts that she intended to file a Petition for Temporary Restraining Order and Temporary Injunction at the time of her First Amended Verified Complaint (Doc. 14 ¶ 60), and it appears that she did file such motions in Superior Court (Doc. 1-1 at 4). However, the Court has yet to receive notice of those filings and thus will not consider the merits of Plaintiff's claims for declaratory and injunctive relief at this time. LRCiv 3.6(c). Therefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **granted in part and denied in part**.

Dated this 21st day of November, 2013.

*A. Murray Snow*

G. Murray Snow
United States District Judge